*92 OPINION.
TRTjssell :
The sums credited by petitioner in the taxable year as salaries to its three officers, who owned all of its stock in equal amounts, were in proportion to their stockholdings, and in a total sum amounting to its entire net income without deduction of these amounts and in excess of $2,000, which was the sum of its corporate exemption. There was no evidence of the amount of $11,127.84 credited to each of these officers being voted them as salaries by petitioner, or any arrangement agreed upon for determining salaries *93 upon the basis of earnings, and under which they would have been entitled to the sums credited to them. It is apparent that the allocation of these credits to the three individuals was merely the distribution to them of corporate earnings including such amounts as would represent reasonable salaries for their services. We agree with respondent that petitioner is-not entitled to deduct, as expenses, these amounts as credited, but only such portion as would, under the facts of the case, represent reasonable salaries. Respondent has allowed the sum of $18,000 as salaries of $6,000 each to these officers, but under the facts proven it is our opinion that the services in question justify more compensation. The circumstances are unusual. The invested capital of the business is small, and played little part in producing the income which was quite substantial and due to the individual efforts of these officers. Practically all of it represented commissions and fees on business acquired and transacted by them individually or jointly. It is shown that, on the one item of commissions collected on sales made of real estate, had petitioner employed salesmen on commission to close the deals it would have been required to pay for such services almost the amount which respondent has allowed, and had it also employed agents to transact the business from which its additional income was derived, the compensation paid would have been materially in excess of that amount, yet, in addition to performing this service, these three individuals, by their personal efforts, procured the business for petitioner, and furnished the direction and executive management of all of its affairs.
We think salaries of $10,000 each for the services of these three individuals are reasonable and justified and represent proper deductions from gross income by the petitioner. We note that after payment of such salaries the business would show a net earning of more than 25 per cent upon the capital invested.

Judgment will be entered under Rule 50.